IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KENDRICK THOMPSON, #27744-078 | § § § | |
| VS. | § § | CIVIL CASE NO. 4:21-CV-261-SDJ CRIMINAL NOS. 4:17-CR-165(1)-SDJ |
| UNITED STATES OF AMERICA | § | 4:18-CR-93(2)-SDJ |

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Aileen Goldman Durrett, who issued a Report and Recommendation ("the Report") (Dkt. #9) concluding that the motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 should be denied and the case should be dismissed with prejudice. Movant filed objections. (Dkt. #13).

In the objections, Movant argues the Magistrate Judge misconstrued and failed to properly consider his first claim of ineffective assistance of counsel. Movant argues counsel advised him not to accept the Government's plea offer but to plead open without a plea agreement. The Court reviewed the Report of the Magistrate Judge and finds no error. The crux of Movant's argument appears to be that counsel's advice to plead open resulted in Movant not receiving a three-point reduction for acceptance of responsibility. Whether by way of an open plea or by a plea agreement, the record establishes that Movant was never going to receive the three-point

1

reduction since he continued to conduct drug transactions[1] while in custody pending the disposition of his case.[2]

Additionally, on direct appeal, Movant challenged the District Court's refusal to award Movant acceptance of responsibility points. *United States v. Thompson*, 813 F. App'x 156 (5th Cir. 2020). The Fifth Circuit concluded that, "[b]ecause Thompson engaged in conduct inconsistent with acceptance of responsibility, the district court's refusal to award him any credit was not without foundation[,]" and the judgment was affirmed. *Id.* at 157.

Movant also argues in his Objections that his counsel advised him to plead open because the drug quantity attributable to him in the plea agreement was too high. This argument is conclusory. Movant did not state in his § 2255 motion or in his objections to the Report the amount of drugs attributable to him, either by way of the plea agreement or by pleading open. Regardless, Movant was sentenced to 262 months imprisonment based on a criminal history category of VI and a total offense level of 32 (range of 210 to 262 months). He now argues that he should have received a guideline range of 151 to 188 months, which would equate to a criminal history category of VI and a total offense level of 29. This difference comports with his argument that he should have received three acceptance points and appears to have nothing to do with drug quantity.

---

[1] As noted in the Report, Movant was convicted in his two criminal cases for conspiracy to possess with the intent to distribute heroin.
[2] That counsel could not predict his client would continue to engage in the same criminal behavior for which he was charged while detained cannot be considered ineffective assistance of counsel.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** the motion to vacate, set aside, or correct sentence is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**.

It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 24th day of August, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE